LOUIS LOEHNBERG & another *vs.* GEORGE E. ATHERTON.

Suffolk. March 4. — May 8, 1886. W. ALLEN & HOLMES, JJ., absent.

A. consigned several lots of goods to B. at different times, to be sold by B. for A.'s account, at prices fixed in the invoices. On two certain days, B. reported to A. that he had sold the goods then on hand at prices below those limited in the invoices, both of which sales were promptly repudiated by A. by telegram and letter, and the reported sales were thereupon cancelled by B. Subsequently, B. wrote to A., asking him to allow sales on the present market. A. refused to give permission for such sales, and offered to pay back advances made on the goods by B., and withdraw the consignment, if B. was not willing to wait. Afterwards B., without further correspondence with A., sold the goods at prices less than he was authorized to do. A. refused to approve the sale ; and, upon B. declining to cancel the same, brought an action against him for breach of the contract. At the trial, B. offered evidence to show that, in previous transactions between the parties, A. had ratified sales by B. at lower prices than those limited in the invoices. *Held*, that this evidence was properly excluded.

CONTRACT for breach of a written agreement in the sale of goods consigned by the plaintiff to the defendant for sale on commission at fixed prices. At the trial in the Superior

Court, before *Knowlton*, J., the jury returned a verdict for the plaintiffs; and the defendant alleged exceptions to the exclusion of certain evidence, the nature of which appears in the opinion.

*P. West*, for the defendant.

*A. E. Denison*, for the plaintiffs.

GARDNER, J.   The plaintiffs consigned several lots of leather to the defendant, from May 6 to August 22, 1883, to be sold by him for the plaintiffs' account, at prices fixed in the invoices. On June 13, 1883, and again on July 27, 1883, the defendant reported to the plaintiffs that he had made sales of the leather then on hand at prices below those limited in the invoices, both of which sales were promptly repudiated by the plaintiffs by telegram and letter, and the reported sales were thereupon cancelled by the defendant.   On August 17, 1883, the defendant wrote to the plaintiffs asking them to allow sales on the present market. The plaintiffs refused to give permission for such sales, and offered to pay back advances made on the leather by the defendant, and withdraw the consignments, if the defendant was not willing to wait.

On August 29, 1883, the defendant, without further correspondence with the plaintiffs, sold the leather at prices less than he was authorized to do.   The plaintiffs refused to approve the sale, and, upon the defendant's declining to cancel the same, this action was brought.

The evidence offered and excluded at the trial related to other transactions between the parties prior to May 1, 1883, concerning which no controversy had arisen, and which had been settled. Under the circumstances of this case, we think that the evidence offered was immaterial, and irrelevant to the issues upon trial. The defendant was acting as the agent of the plaintiffs under direct instructions.   He had attempted to sell the leather at prices less than the limit stated in the invoices, and had been compelled by the plaintiffs to cancel such sale.   His instructions were in writing, and there was no misapprehension on his part as to the intention of the plaintiffs.

In view of the correspondence, and of the repeated attempts of the defendant to sell the leather at prices less than he was authorized by his instructions, and in view of the absolute refusal

of the plaintiffs to permit him to sell at such prices, it became clearly immaterial to show that the plaintiffs, in other transactions between the parties, had ratified and approved accounts, rendered by the defendant, of sales at less prices than those limited in the invoices. There was no error in excluding this evidence.                                      *Exceptions overruled.*